# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

BRANDA M. KESSLER,

           Plaintiff,

v.                                   CIVIL ACTION NO. 2:18-cv-00518

FAY SERVICING, LLC,

           Defendant.

## MEMORANDUM OF OPINION AND ORDER

Before this Court is Plaintiff Branda M. Kessler's ("Plaintiff") Motion to Remand. (ECF No. 4.) For the reasons explained more fully herein, the motion is **GRANTED**.

### I. BACKGROUND

Plaintiff filed this action against Defendant Fay Servicing, LLC ("Defendant") on February 23, 2018, in the Circuit Court of Kanawha County, West Virginia. (ECF No. 1-1.) She alleged state-law claims arising from Defendant's conduct as the servicer of her mortgage loan. (*Id.*) Defendant removed the case to this Court on April 2, 2018, asserting federal subject matter jurisdiction based on diversity of citizenship. (ECF No. 1 at 3.) On April 9, 2018, Plaintiff amended her complaint to add additional state-law claims. (ECF No. 3.)

Shortly thereafter, on April 18, 2018, Plaintiff filed a motion to remand the case to state court. (ECF No. 4.) Defendant timely responded to the motion on May 1, 2018. (ECF No. 7.) Plaintiff filed a timely reply on May 8, 2018. (ECF No. 9.) As such, Plaintiff's motion has been fully briefed and is ripe for adjudication.

1

## II.    LEGAL STANDARD

"[A]n action initiated in a state court can be removed to federal court only if it might have been brought in federal court originally."  *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003) (alteration and internal quotation marks omitted); *see* 28 U.S.C. § 1441(a).  As relevant here, this Court "ha[s] original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1); *see Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005) ("Since diversity always vests original jurisdiction in the district courts, diversity also generates removal jurisdiction.").[1]  Defendant bears the burden to demonstrate the existence of subject matter jurisdiction.  *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) ("If the plaintiff challenges removal, . . . the defendant 'bears the burden of demonstrating that removal jurisdiction is proper.'" (emphasis deleted)); *Sonoco Prods. Co.*, 338 F.3d at 370 ("The burden of demonstrating jurisdiction resides with 'the party seeking removal.'").

Generally, "[t]he removability of a case depends upon the state of the pleadings and the record at the time of the application for removal."  *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (internal quotation marks omitted).  This means that the case must "be fit for federal adjudication at the time the removal petition is filed."  *Moffitt v. Residential Funding Co.*, 604 F.3d 156, 159 (4th Cir. 2010) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996)).  "But the mere fact that a case does not meet this timing requirement is not 'fatal to federal-court adjudication' were jurisdictional defects are subsequently cured."  *Id.* (quoting *Lewis*, 519 U.S. at 64).  "Thus, if a plaintiff voluntarily amends his complaint to allege a basis for federal jurisdiction

---

[1] Plaintiff does not challenge Defendant's assertion that the parties are completely diverse.  (*See* ECF No. 1 at 3; ECF No. 3 at 1–2.)

[prior to moving to remand], a federal court may exercise jurisdiction even if the case was improperly removed." *Id.*; *see Cades v. H&R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994) ("[A]n initial lack of the right to removal may be cured when the final posture of the case does not wrongfully extend federal jurisdiction.").[2]

## III. DISCUSSION

### A. Amount in Controversy

In general, the "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). However, if "the plaintiff contests . . . the defendant's allegation," the defendant must establish the amount in controversy "by the preponderance of the evidence." *Id.* at 553–54; *see* 28 U.S.C. § 1446(c)(2)(B). That is, the defendant's evidence must "show[] it is more likely than not that a fact finder might legally conclude that damages will exceed the jurisdictional amount." *Scott*, 865 F.3d at 196. "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.'" *Id.* at 194. "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Id.* at 196.

---

[2] This doctrine has often been used when the plaintiff amends the complaint after removal to add claims based on federal law. *See Moffitt*, 604 F.3d at 159. However, Plaintiff amended her complaint to add additional state-law claims, thereby increasing the amount in controversy. Regardless of whether an amendment may cure a defect in diversity jurisdiction, if Plaintiff's amended complaint does not satisfy the jurisdictional amount in controversy, then her initial complaint certainly does not meet the requirement. This Court thus assumes without deciding that it may consider the amended complaint in ruling on the motion to remand.

3

Plaintiff's amended complaint seeks five types of relief: statutory penalties; actual damages, including emotional damages; punitive damages; attorney's fees; and declaratory relief. (ECF No. 3.) Plaintiff also seeks "[s]uch other relief as the Court deems equitable and just." (*Id.*) Each is addressed in turn.

    1. *Statutory Penalties*

The parties agree that the complaint alleges nine violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code § 46A-1-101, *et seq.* The WVCCPA provides for statutory penalties in the amount of $1,000 per violation. *Id.* § 46A-5-101(1).[3] Thus, the parties agree that the initial complaint alleges $9,000 in statutory penalties. (*See* ECF No. 7 at 3–4; ECF No. 9 at 1–2.) The amended complaint alleges five additional violations, for a total of $14,000 in statutory penalties. (*See* ECF No. 3 at 4.)

Defendant further asserts that the complaint alleges 30 violations based on the allegation that Defendant "held each payment made following the February 9, 2017 notice of right to cure in suspense, and Plaintiff made bi-weekly payments," and 17 violations based on the allegation that "Plaintiff's statements allegedly show a past due balance because Defendant . . . never deferred November 2016's payment." (ECF No. 7 at 3.) Plaintiff responds that "[e]ach of these assertions is an over-reading of the [complaint's] allegations." (ECF No. 9 at 2.) This Court agrees with Plaintiff.

The amended complaint alleges, "Plaintiff's statements show a past due balance because Defendant . . . never deferred November 2016's payment. Instead, it applied funds paid in

---

[3] "[T]he Court may adjust the damages awarded pursuant to [the WVCCPA] for inflation . . . in an amount equal to the consumer price index." W. Va. Code § 46A-5-106. However, Plaintiff's complaint specifically requests "[a] penalty of $1,000 per violation." (ECF No. 3.) This Court therefore declines to adjust the potential award for purposes of deciding the motion to remand.

December 2016 to the November 2016 payment." (ECF No. 3 at 2.) This Court does not read the complaint to allege distinct WVCCPA violations stemming from the fact that Plaintiff's statement showed a past-due balance each month. Rather, it alleges that Defendant failed to defer the November 2016 payment, which caused Plaintiff's statements to reflect a past-due balance. This is a single alleged violation, which has already been accounted for in the 14 violations mentioned above.

The amended complaint further alleges, "Defendant . . . then issued Plaintiff a right to cure default on February 9, 2017, and held her payments made after that time in a suspense account, including after sufficient funds accrued to make a full payment." (ECF No. 3 at 3.) Plaintiff argues that this allegation, insofar as it relates to "how debt collectors must treat partial payments and whether and when to apply payments made after a notice of right to cure has issued," does not correspond with any claim in the complaint. (ECF No. 9 at 2–3.) As Plaintiff points out, the WVCCPA includes provisions instructing creditors how to apply payments in such a situation. *See* W. Va. Code §§ 46A-2-115(c); 46A-3-111. None of Plaintiff's claims are based on violations of either of these statutes. (*See* ECF No. 3.) Therefore, this Court agrees with Plaintiff that no violation can be ascribed to this allegation.

In total, Plaintiff's amended complaint can fairly be read to allege 14 WVCCPA violations, for a total of $14,000 in statutory penalties that is counted toward the amount in controversy.

    2. *Actual and Punitive Damages*

Plaintiff alleges that her actual damages stem from "stress, annoyance and inconvenience, harm to credit and ability to obtain credit, and fear of loss of home." (ECF No. 3 at 5.) Defendant, citing *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578 (S.D.W. Va. 1999) (Hallanan, J.), asserts that these damages "could easily exceed the $75,000 amount in controversy

requirement." (ECF No. 1 at 7.) This Court in *Weddington*, "[u]sing common sense," concluded "that it would not be unreasonable for a damage judgment [based on allegations of "mental anxiety, suffering, annoyance, aggravation, inconvenience and humiliation"] to be entered . . . in excess of the jurisdictional requisite of $75,000." 59 F. Supp. 2d at 584. However, this Court declines to make such a leap in this case. It is Defendant's obligation to establish the amount in controversy "by the preponderance of the evidence." 28 U.S.C. § 1446(c)(2)(B). Absent a settlement demand, *see Justice v. Branch Banking & Trust Co.*, No. 2:16-cv-03272, 2017 WL 55870, at *4 (S.D.W. Va. Jan. 4, 2017), evidence of actual monetary loss, *see Judy v. J.K. Harris & Co.*, No. 2:10-cv-01276, 2011 WL 4499316, at *5 (S.D.W. Va. Sept. 27, 2011), or other evidence demonstrating that an award exceeding $75,000 is appropriate or likely under these circumstances, this Court will not rely on speculation masked as "common sense."

Plaintiff's request for punitive damages is limited to her common-law claim for breach of contract. (*See* ECF No. 3 at 8.) The WVCCPA, which is the basis for Plaintiff's other claims, "does not provide a statutory basis for an award of punitive damages." *Quicken Loans, Inc. v. Brown*, 777 S.E.2d 581, 598 n.20 (W. Va. 2014). More importantly, as with respect to Plaintiff's request for actual damages, Defendant asks this Court to assume that any award of punitive damages would be large enough to surpass the jurisdictional threshold. This Court refuses to make such an assumption in the absence of any evidence to support it. "To meet its burden, [Defendant] must provide enough facts to allow [this Court] to determine—not speculate—that it is more likely than not that the . . . action belongs in federal court." *Scott*, 865 F.3d at 197. Defendant has failed to do that here.

3. *Attorney's Fees*

Because Plaintiff brings her claims under a statutory scheme that provides for fee-shifting, *see* W. Va. Code § 46A-5-104, her request for attorney's fees is "included in the amount-in-controversy calculation." *Francis*, 709 F.3d at 368. Defendant provides evidence that in similar cases alleging violations of the WVCCPA, this Court has determined that an award of $25,000 in attorney's fees is reasonable. *See Patton v. Fifth Third Bank*, No. 2:05-cv-00790, 2006 WL 771924, at *3 (S.D.W. Va. Mar. 24, 2006) (Copenhaver, J.); *McGraw v. Discover Fin. Servs., Inc.*, No. 2:05-cv-00215, 2005 WL 1785259, at *6 (S.D.W. Va. July 26, 2005) (Copenhaver, J.). This Court assumes for purposes of deciding the motion to remand that $25,000 in attorney's fees would likewise be a reasonable award in this case.

4. *Declaratory and "Other" Equitable Relief*

Although the amended complaint requests declaratory and other equitable relief, (*see* ECF No. 3), Defendant offers no evidence to assist this Court in placing a value on such relief. *See Price v. PennyMac Loan Serv., LLC*, No. 1:18-cv-00951, 2018 WL 4291741, at *5 (S.D.W. Va. Sept. 6, 2018) (deeming plaintiff's request for equitable relief "too speculative to establish a value in the instant controversy"). In fact, Defendant barely acknowledges that Plaintiff requests it. (*See* ECF No. 7 at 6 (asserting that the amount in controversy "is easily satisfied by Plaintiff's four remaining theories of recovery," including "'other relief' to which Plaintiff may be entitled in law or in equity").) This Court will not attempt to conjure a monetary value for the declaratory and "other" equitable relief Plaintiff seeks when Defendant makes no effort to meet its burden with respect to this relief.

In sum, the only damages for which Defendant has provided evidence total $39,000, an amount far short of the $75,000 jurisdictional threshold. Thus, this Court concludes that the

amount in controversy is not met, and federal subject matter jurisdiction therefore does not exist in this case.

   B. *Plaintiff's Request for Fees and Costs*

Plaintiff also requests "reasonable costs and fees incurred as the result of the removal." (ECF No. 5 at 7.) Upon remanding a case to state court, this Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). In other words, "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Here, there is no indication that Defendant sought to remove the case to this Court "for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140. This Court acknowledges that "bad faith is not a prerequisite to an award of attorney's fees under § 1447(c)." *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996). However, this Court's decision to remand this case is not based on the lack of an objectively reasonable basis for removal; it is instead based on Defendant's failure to carry its burden to demonstrate the existence of subject matter jurisdiction. This Court is therefore compelled to deny Plaintiff's request.

*IV.    CONCLUSION*

For the foregoing reasons, Plaintiff's motion to remand, (ECF No. 4), is **GRANTED**. As such, this Court hereby **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia. Plaintiff's request for payment of fees and costs associated with the motion to remand is **DENIED**. This Court **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    September 27, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE